FILED
SUPERIOR COURT
OF GUAM

2024 MAY 29 PM 4: 35

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0326-17** <br> GPD Report Nos. 17-16176 |
| v. | |
| GRACEFUL PEDRO <br> (*aka* GRACEFUL PETER PEDRO), <br> DOB: 08/13/1997 | **DECISION AND ORDER <br> GRANTING <br> THE PEOPLE'S MOTION <br> TO REVOKE PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 10, 2024 for a Revocation Hearing in the above-captioned matter related to Graceful Pedro's (*aka* Graceful Peter Pedro's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

### BACKGROUND

On April 16, 2018, Defendant entered a deferred plea of guilty to Family Violence (as a Misdemeanor). See Order After Hearing (Apr. 20, 2018). Following Defendant's failure to complete the terms of his plea, the Court accepted Defendant's plea of guilty on September 28, 2022 and a Judgment of Conviction was entered. See Judgment of Conviction (Oct. 5, 2022). Pursuant to the Judgment, the following relevant conditions of probation were imposed:

Decision and Order Granting the People's Motion to Revoke Probation
CF0326-17, *People of Guam v. Graceful Pedro*
Page 1 of 6

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a **fine** of **one thousand dollars ($1,000.00)** plus **court costs** of **eighty dollars ($80.00)**. All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete **seventy-five (75) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Id.

On November 28, 2022, a Violation Report was filed indicating that Defenant had violated several terms of his probation. Specifically, Defendant failed to report to the Adult Probation Office following his release from incarceration on November 18, 2022, despite being ordered by the Court to report within forty-eight hours. See Sixth Violation Report (Nov. 28, 2022). Furthermore, Defendant had failed to report to CSFC for his initial intake/processing, failed to make any

Decision and Order Granting the People's Motion to Revoke Probation
CF0326-17, *People of Guam v. Graceful Pedro*
Page 2 of 6

payments on his fine or court costs, and failed to make progress on his required community service hours. Id.

On April 21, 2023, another Violation Report was filed indicating that Defendant had been indicted on new felony charges in CF0272-23 for allegedly possessing methamphetamine. See Violation Report (Apr. 21, 2023). The Report also indicated Defendant hadn't been reporting to the Adult Probation Office as required, still hadn't report to CSFC for his initial intake/processing, and had made zero progress on paying off his fines/court costs or completing his community service hours. Id.

On May 12, 2023, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's multiple probation violations and complete lack of progress on completing the terms of his probation. See Motion (May 12, 2023). Opposing the Motion, Defendant claims revocation is premature because he can still complete his probationary terms and requirements if given another chance. See Opposition to Motion (Jun. 13, 2024).

On October 6, 2023, another Violation Report was filed, indicating that Defendant still hadn't been reporting to the Adult Probation Office as required, still hadn't attended his CSFC intake/assessment, and still has made zero progress on paying off his fines or completing his community service hours. See Eighth Violation Report (Oct. 6, 2023).

On May 10, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (May 10, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the

Decision and Order Granting the People's Motion to Revoke Probation
CF0326-17, *People of Guam v. Graceful Pedro*
Page 3 of 6

suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant failed to make any progress on paying off his fines/court costs, and has made zero progress on completing his community service hours. Defendant routinely avoids reporting to the Adult Probation Office despite Court orders to do so, and hasn't even reported to CSFC for an initial intake appointment.

Decision and Order Granting the People's Motion to Revoke Probation
CF0326-17, *People of Guam v. Graceful Pedro*
Page 4 of 6

Most alarmingly of all, Defendant now faces new felony charges in CF0272-23 for allegedly possessing methamphetamine.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant has violated over a half-dozen different conditions since entering probation. These violations are the result of Defendant's willful conduct and blatant disregard towards following the Court's orders. Defendant's complete lack of progress in paying off his fines, working off his community service hours, or even attending initial intake appoints at CSFC suggest Defendant never intended on following his probation conditions from the start.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___**May 29, 2024**___.

Decision and Order Granting the People's Motion to Revoke Probation
CF0326-17, *People of Guam v. Graceful Pedro*
Page 5 of 6



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CF0326-17, *People of Guam v. Graceful Pedro*
Page 6 of 6